STATE of Wisconsin, Plaintiff-Respondent,

v.

Theodore P. BOROWSKI, Defendant-Appellant.†

Court of Appeals

*Nos. 91-1613-CR, 91-1614-CR. Submitted on memoranda September 3, 1991.—Decided September 25, 1991.*

(Also reported in 476 N.W.2d 316.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the memorandum of *Michael E. McMorrow* of *Michael E. McMorrow, S.C.* of Elm Grove.

Before Nettesheim, P.J., Brown and Anderson, JJ.

PER CURIAM.   Theodore Borowski appeals from an order denying his motion to suppress certain evidence and from an order revoking his operating privileges for improperly refusing to submit to chemical breath testing.[1] We dismissed the appeals for lack of jurisdiction. Borowski requested reconsideration, which we granted. On reconsideration, we conclude that we lack jurisdiction of both appeals and that grounds for granting leave to appeal from a nonfinal order are not present. We therefore dismiss both appeals.

Appeal no. 91-1614 is from an order revoking Borowski's operating privilege because he improperly refused to submit to chemical breath testing. *See* sec. 343.305(10), Stats. The order was rendered orally and had not been reduced to writing and filed with the clerk of circuit court's office prior to the filing of the notice of appeal.

Section 808.03(1), Stats., permits an appeal as of right from a final judgment or order which is "a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) or a disposition recorded in docket entries in . . . traffic regulation . . . cases prosecuted in circuit court which disposes of the entire matter in litigation as

---

[1]We consolidate these appeals on our own motion. Rule 809.10(3), Stats.

to one or more of the parties, whether rendered in an action or special proceeding." While oral orders are effective when announced, they must be reduced to writing and filed with the clerk of circuit court's office before this court has jurisdiction to review them. *State v. Malone,* 136 Wis. 2d 250, 257–58, 401 N.W.2d 563, 566 (1987).

Borowski notes that there is an exception to this rule for traffic regulation cases. In such cases, the final judgment or order requirement is satisfied by a disposition recorded in the clerk's docket entries. Section 808.03(1), Stats. The clerk's docket entries in appeal no. 91–1614 contain, a disposition of the refusal issue.

The question, then, is whether a refusal hearing is a "traffic regulation case" as that term is used in sec. 808.03(1), Stats. Construction of a statute is a question of law that we review *de novo. Nick v. Toyota Motor Sales,* 160 Wis. 2d 373, 380, 466 N.W.2d 215, 218 (Ct. App. 1991). We first resort to the language of the statute. *Id.* "A statute is ambiguous if reasonably well-informed persons could understand it in more than one way." *Id.*

Section 808.03(1), Stats., does not define the term "traffic regulation case." Borowski asserts that the authority to revoke an operator's privilege under sec. 343.305, Stats., is a traffic regulation. However, reasonably well-informed persons could understand the term "traffic regulation cases" to mean only those cases involving statutes that regulate the operation of a vehicle. We conclude the term "traffic regulation cases" is ambiguous.

"When a statute is found to be ambiguous, rules of construction require us to look at the statutory context,

733

subject matter, scope, history and object to be accomplished." *Nick,* 160 Wis. 2d at 380, 466 N.W.2d at 218. We need not look far to discover the intended meaning of the term. The Judicial Council Note, 1979, to sec. 808.03(1), Stats., provides, "The term 'traffic regulation cases' refers to only those traffic violation cases in which the penalty is a civil forfeiture." The penalty for improperly refusing to submit to a breath, blood or urine test under sec. 343.305, Stats., is revocation of operating privileges. Section 343.305(10). Revocation is not a civil forfeiture. We therefore conclude that a refusal hearing under sec. 343.305 is not a "traffic regulation case" under sec. 808.03(1), such that we would have jurisdiction of an appeal from a disposition recorded in the clerk's docket entries. Borowski must appeal from a written order which has been filed with the circuit court clerk's office before we will have jurisdiction to review the order.

Appeal no. 91-1613-CR is from an order denying Borowski's motion to suppress statements made by him and results of field sobriety tests and Intoxilyzer test results in a prosecution for operating while intoxicated. The order denying the motion did not dispose of the entire matter in litigation as to any party and is not final under sec. 808.03(1), Stats.

In recognition of the lack of finality of the order, Borowski requests in his reconsideration motion that we grant leave to appeal from a nonfinal order. A petition for leave to appeal must be filed within ten days of entry of the nonfinal order. Rule 809.50(1), Stats. This section contemplates entry[2] of a written order before a petition can be filed. No written order denying the motion was entered.

---

[2]An order is entered when it is filed in the office of the clerk of circuit court. Section 807.11(2), Stats.

■ Even if we were to reach the merits of the petition, we would conclude the petition fails to show that the criteria for granting leave to appeal are present. Interlocutory appeals are particularly disfavored in criminal cases. *State v. Rabe,* 96 Wis. 2d 48, 59, 291 N.W.2d 809, 814 (1980). Borowski claims we should grant leave to appeal to clarify an issue of general importance in the administration of justice, sec. 808.03(2)(c), Stats., but provides no reason why it is necessary or desirable to do so before entry of a final judgment. We therefore deny the petition for leave to appeal.

*By the Court.*—Appeals dismissed. Petition for leave to appeal from a nonfinal order denied.