CITY OF SHEBOYGAN, Plaintiff-Respondent,

v.

Laura I. FLORES, Defendant-Appellant.†

Court of Appeals

*No. 99–0954. Submitted on memoranda June 10, 1999.—Decided June 30, 1999.*

(Also reported in 598 N.W.2d 307.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the memorandum of *Chad A. Lanning* of *Law Offices of Barry S. Cohen, S.C.,* of Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the memorandum of *Charles C. Adams,* assistant city attorney.

Before Snyder, P.J., Brown and Nettesheim, JJ.

PER CURIAM. In this case, we must construe § 808.03(1), STATS., to determine the event which triggers the appeal period in traffic regulation cases: the disposition recorded in the circuit court docket entries or the entry of a separate judgment or order in the office of the clerk of circuit court. We conclude that a disposition recorded in the docket entries triggers the appeal period and that Laura I. Flores did not file a timely notice of appeal. Therefore, her appeal is dismissed.

After a January 5, 1999 court trial, Flores was found guilty of operating a motor vehicle while intoxicated (first offense) contrary to § 346.63(1)(a), STATS., and operating a motor vehicle with a prohibited alcohol concentration (first offense) contrary to § 346.63(1)(b).[1] The January 5 circuit court docket entries refer to a "dispositional order/judgment."

On January 21, 1999, Flores' counsel submitted a proposed order of judgment. The order recites that Flo-

---

[1] The charge of operating a motor vehicle with a prohibited alcohol concentration was dismissed. *See* § 346.63(1)(c), STATS. This disposition does not affect our jurisdiction analysis.

244

res was found guilty by the court of the two offenses and states the disposition noted in the docket entries. The court signed the order of judgment on January 29. On April 8, 1999, Flores filed her notice of appeal.

A timely notice of appeal is necessary to confer jurisdiction on this court. *See Helmrick v. Helmrick*, 95 Wis. 2d 554, 557, 291 N.W.2d 582, 583 (Ct. App. 1980). We inquired into our jurisdiction over this appeal, *see State ex rel. Teaching Assistants Ass'n v. University of Wisconsin-Madison*, 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980), and required memoranda from the parties. In the order requesting jurisdiction memoranda, we noted that § 808.03(1)(c), STATS.,[2] states that a final judgment in a traffic regulation[3] case occurs when the disposition is recorded in the trial

---

[2] Section 808.03(1), STATS., provides:

A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding, and that is one of the following:

    (a) Entered in accordance with s. 806.06(1)(b) or 807.11(2).

    (b) Recorded in docket entries in ch. 799 cases.

    (c) Recorded in docket entries in traffic regulation cases prosecuted in circuit court if a person convicted of a violation may be ordered to pay a forfeiture.

    (d) Recorded in docket entries in municipal ordinance violation cases prosecuted in circuit court.

[3] Section 345.20(1)(b), STATS., defines "traffic regulation" as "a provision of chs. 194 or 341 to 349 for which the penalty for violation is a forfeiture or an ordinance enacted in accordance with s. 349.06." *See State v. Borowski*, 164 Wis. 2d 730, 734, 476 N.W.2d 316, 317 (Ct. App. 1991). Because Flores was convicted of a first offense, the penalty included a forfeiture. *See* § 346.65(2)(a), STATS.

court clerk's docket entries. If the January 5 docket entries triggered the appeal time, the final day for filing a timely notice of appeal was April 5, three days before Flores filed her notice of appeal. We asked the parties to submit memoranda addressing the impact, if any, of the written order of judgment on the time for commencing this appeal.

In their memoranda, Flores and the City of Sheboygan argue that Flores timely appealed because under § 808.03(1), STATS., the appeal period is triggered by the entry of a document reflecting a type of disposition set forth in § 808.03(1), not by the docket entries. Therefore, the parties argue, the appealable document is the January 29 order of judgment and the notice of appeal was timely filed.

The parties' agreement that we have jurisdiction does not confer jurisdiction upon us. *See State ex rel. Skinkis v. Treffert*, 90 Wis. 2d 528, 535, 280 N.W.2d 316, 319 (Ct. App. 1979). We have an independent duty to determine our jurisdiction. *See Teaching Assistants*, 96 Wis. 2d at 495, 292 N.W.2d at 659.

Whether the appeal period in traffic regulation cases is triggered by the docket entries or entry of a separate judgment or order requires statutory construction, which is a question of law subject to our de novo review. *Cf. Stockbridge Sch. Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). The aim of statutory construction is to discern the intent of the legislature. *See Lincoln Sav. Bank, S.A. v. DOR*, 215 Wis. 2d 430, 441, 573 N.W.2d 522, 527 (1998). We start with the language of the statute, and if that is not ambiguous, we apply that language to the matter at hand. *See id.* The statute should be construed so that

no word or clause is rendered surplusage and every word, if possible, is given effect. *See Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980).

■

We begin and end our statutory construction with the plain language of § 808.03(1), STATS. Section 808.03(1) sets out two alternative methods of documenting the final determination in a case. Filing a judgment or order in the clerk of court's office, *see* § 808.03(1)(a), is one method of documenting the final determination. Another alternative exists for ch. 799, STATS., traffic regulation and municipal ordinance violation cases. In those cases, the final determination is documented if it appears in the circuit court docket entries. *See* § 808.03(1)(b)–(d); *see also General Tel. Co. v. A Corp.,* 147 Wis. 2d 461, 463 n.1, 433 N.W.2d 264, 264 (1988). We conclude that § 808.03(1)(b)–(d) plainly states that the final judgment, order or disposition appears in the docket entries.

Our construction of § 808.03(1), STATS., is confirmed by the discussion of the statute in *State v. Borowski,* 164 Wis. 2d 730, 476 N.W.2d 316 (Ct. App. 1991). Borowski sought to appeal from an oral ruling revoking his operating privileges for improperly refusing to submit to chemical breath testing. The disposition of the refusal issue appeared in the docket entries. *See id.* at 733, 476 N.W.2d at 317. The court held that a refusal hearing is not a traffic regulation case under § 808.03(1)(c). *See id.* at 734, 476 N.W.2d at 317. Therefore, Borowski could not rely upon the docket entries as evidence of the final determination on the refusal issue. The court observed that had the refusal hearing been a traffic regulation case, the court would have had jurisdiction over Borowski's appeal because the disposition was recorded in the circuit

court's docket entries. *See id.* at 733–34, 476 N.W.2d at 317.

The parties contend that even if the docket entries reflect the case's final determination, they do not trigger the appeal period because a separate judgment or order must be entered. As we have already held, § 808.03(1), STATS., offers two alternative methods of documenting the final determination in a case. The parties' contention that a separate judgment or order must be entered renders the docket entry provisions of § 808.03(1)(b)–(d) surplusage, a result which is to be avoided. *See Donaldson*, 93 Wis. 2d at 315, 286 N.W.2d at 821. The parties have not offered a reasonable construction of § 808.03(1)(b)–(d).

■

Having held that the docket entries document the final determination and trigger the appeal period in cases under § 808.03(1)(b)–(d), STATS., we necessarily conclude that a separate order or judgment is superfluous. The presence of a separate document in the record does not affect the requirement that an appeal be timely commenced from the docket entries. We do not look to subsequent events to determine jurisdiction; we look at the docket entries themselves. *See Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655, 657 (1979).

■

Applying § 808.03(1), STATS., to the undisputed facts, we conclude that Flores' charged offenses were disposed of at the January 5, 1999 court trial as reflected in the January 5 docket entries. The docket entries triggered the appeal period; the deadline for filing the notice of appeal was April 5. *See* § 808.04(1), STATS. Flores filed her notice of appeal on April 8. The

notice of appeal was untimely and this court lacks jurisdiction over her appeal.

*By the Court.*—Appeal dismissed.