Evelyn WERNER, Plaintiff-Appellant,†

v.

Kenneth HENDREE and Michael Honeck,
Defendants-Respondents.

Court of Appeals

*No. 2008AP2045. Submitted on briefs May 11, 2009.
—Decided June 17, 2009.*

2009 WI App 103

(Also reported in 770 N.W.2d 782.)

† Petition to review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Andrew J. Shaw* of *Shaw Law Offices*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John J. Glinski*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Anderson, P.J., Snyder and Neubauer, JJ.

¶ 1. PER CURIAM. Evelyn Werner appeals from a judgment against Kenneth Hendree. She argues that the state of Wisconsin is obligated to pay the judgment under Wis. Stat. § 895.46 (2007–08)[1] because Hendree caused damages while acting as a state employee and that dismissal of her claim against Michael Honeck, Hendree's supervisor, should be reversed. We conclude that we lack appellate jurisdiction because, despite the parties' agreement that the orders would not be entered until Hendree's liability was determined, the final orders were entered more than ninety days before the notice of appeal was filed. We dismiss the appeal.

¶ 2. Hendree, an investigator for the Office of the Commissioner of Insurance (OCI), visited Werner's home excessively in the guise of investigating Werner's complaint about her annuities. He questioned her extensively about her finances. Werner made complaints about Hendree's contacts to Honeck at the OCI. Unknown to Werner was that at the time of some of Hendree's visits, he was subject to criminal charges and had resigned from his position with the OCI. On December 13, 2006, Werner was physically assaulted in her home at gunpoint and her safe stolen. Werner recognized Hendree's voice and believed he was one of the assailants.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 3. After her notice of claim was denied, Werner commenced this action against Hendree for negligent trespass and other claims. She alleged negligent supervision by Honeck. On Honeck's motion to dismiss, the trial court ruled that Honeck was immune from liability under WIS. STAT. § 893.80. Werner then filed a motion for a determination that a jury decide whether Hendree's actions fall within the scope of employment. The attorney general, pursuant to WIS. STAT. § 895.46(1), moved for a default ruling against Hendree that he refused to cooperate in the defense and consequently is not eligible for indemnification from the State. At a November 28, 2007 hearing, the trial court granted the attorney general's motion. On December 3, 2007, the trial court signed an order declaring that the attorney general's motion was granted and that Hendree was not eligible for indemnification. Also on December 3, 2007, the trial court signed an order that the action was dismissed as to Honeck. Both orders state that it is "a final order for the purpose of filing an appeal." The orders were stamped "filed" on December 3, 2007. The orders also bear a second date stamp as "filed" April 2, 2008. The docket entries only list the orders as filed April 2, 2008.

¶ 4. Werner obtained a default judgment against Hendree. On July 11, 2008, a money judgment was entered against Hendree. Werner filed a notice of appeal August 18, 2008.

¶ 5. Honeck and the attorney general assert that the April 2, 2008 orders were the final orders and that Werner's notice of appeal was untimely.[2] Under WIS. STAT. § 808.04(1), an appeal must be initiated within

---

[2] Honeck is represented by the attorney general's office on appeal. Hendree does not appear as a respondent on appeal.

ninety days of entry of the final judgment or order appealed from. To appeal the April 2, 2008 orders, if final and appealable, the notice of appeal was due July 1, 2008.

¶ 6. Werner concedes that the order dismissing Honeck was final for the purpose of taking an appeal but contends it was mistakenly entered. She points to her request at the November 28, 2007 hearing that the entry of the orders be held until "the thing has all come together to incorporate an appeal altogether." The trial court agreed to hold the orders to be submitted by Honeck's counsel pending resolution of Hendree's liability. A December 3, 2007 letter from Werner's counsel to the trial court's clerk confirmed the agreement that "the two orders are not to be entered until the case is done." The trial court made a handwritten notation on that letter that "this is correct."

¶ 7. Despite the agreement to hold entry of the final orders, they were in fact entered December 3, 2007, and again April 2, 2008.[3] Our jurisdiction is based on what actually occurred and not what was intended by the parties. *See First Wis. Nat'l Bank v. Nicholaou*, 87 Wis. 2d 360, 363, 274 N.W.2d 704 (1979) (appellate jurisdiction cannot be conferred by a party's good faith belief that all necessary jurisdictional documents have been filed); *City of Sheboygan v. Flores*, 229 Wis. 2d 242, 246, 598 N.W.2d 307 (Ct. App. 1999) (agreement of parties that we have jurisdiction does not confer juris-

---

[3] Entry is accomplished when the order is signed by the judge and filed in the office of the clerk of courts. Wis. Stat. §§ 806.06(1)(a), (1)(b); 807.11(2). The clerk's date stamp is presumptively the day the order or judgment was entered. *Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 824, 284 N.W.2d 93 (1979). We note that the notice of appeal is untimely as to either date of entry.

diction). There is no authority to hold an order and not enter it once signed by the judge. *See* Wis. Stat. § 806.06(2) ("The judgment shall be entered by the clerk upon rendition."). We cannot pretend that the orders were not entered more than ninety days before the filing of the notice of appeal. The notice of appeal is not timely as to both the December 3, 2007 and April 2, 2008 final orders.

¶ 8. Regarding the order ruling that Hendree is not eligible for indemnification, Werner argues that the order was not final because Hendree remained a party to the litigation until damages were determined and the money judgment was entered against Hendree.[4] Wisconsin Stat. § 808.03(1) provides that a final order, appealable as of right, is an order which disposes of the entire matter in litigation as to one or more of the parties. Finality is "not in terms of a final resolution of an issue, but in terms of a final resolution of the entire matter in litigation" as to a party. *Heaton v. Independent Mortuary Corp.*, 97 Wis. 2d 379, 396, 294 N.W.2d 15 (1980). We consider whether the order terminated the litigation as to any one party. *See Culbert v. Young*, 140 Wis. 2d 821, 827, 412 N.W.2d 551 (Ct. App. 1987) (an order that is final only as to one codefendant because it disposes of the entire litigation only as to that codefendent is appealable only by or against that codefendent and is not appealable by or against any other codefendants as to whom the order does not dispose of the entire litigation).

---

[4] We do not address Werner's standing to assert Hendree's entitlement to indemnification in order to obtain her judgment against the state.

¶ 9. As permitted under Wis. Stat. § 895.46(1), the attorney general appeared in the action to contest whether Hendree was acting within the scope of his employment. *See Olson v. Connerly*, 156 Wis. 2d 488, 492–93, 457 N.W.2d 479 (1990). The attorney general's motion for a ruling on Hendree's refusal to cooperate in the litigation as a bar to indemnification had the effect of commencing a special proceeding for declaratory judgment. *See Wellens v. Kahl Ins. Agency, Inc.*, 145 Wis. 2d 66, 69, 426 N.W.2d 41 (Ct. App. 1988) (a nonparty's motion to intervene is an example of a special proceeding); *Wengerd v. Rinehart*, 114 Wis. 2d 575, 582, 338 N.W.2d 861 (Ct. App. 1983) (a motion may initiate a special proceeding); *Kroll v. Bartell*, 101 Wis. 2d 296, 302, 304 N.W.2d 175 (Ct. App. 1981) (contempt is a special proceeding because the contemnor becomes a party to the contempt proceeding but not the principal action); Wis. Stat. § 806.04(2) ("Any person . . . whose rights, status or other legal relations are affected by a statute . . . may . . . obtain a declaration of rights, status or other legal relations thereunder."). Although the State was not formally designated a party to the action, it could have been. *See Olson*, 156 Wis. 2d at 488 (caption designates State as "Intervening Defendant"). The order declaring that Hendree was not entitled to indemnification had the effect of terminating the special proceeding and the attorney general's appearance in the action. A timely notice of appeal was necessary to obtain review of that ruling, despite that Hendree remained a party to the action. *See* Wis. Stat. § 808.03(1) (an order which disposes of the entire matter in litigation as to one or more parties rendered in a special proceeding is a final order subject to appeal).

¶ 10. Werner suggests that if there is no appellate jurisdiction, she will return to the trial court and ask that the prior final orders be vacated and reentered so a timely appeal may be filed. *See Edland v. Wisconsin Physicians Serv. Ins. Corp.*, 210 Wis. 2d 638, 640–41, 563 N.W.2d 519 (1997). We question whether the jurisdictional infirmity can be cured in that fashion. *Edland* involved a situation where the final order was entered without notice to any party and under circumstances where the trial court intended to give the parties notice of entry. *Id.* at 644. There is no suggestion that those circumstances exist here. The trial court is not authorized to vacate a final judgment or order for the sole purpose of extending the time for appeal. *Id.* at 647.

¶ 11. As a final matter, we observe that the appellant's appendix fails to include the trial court's reasoning. It is essential that the appendix include the record items truly relevant and essential to understanding the issues raised, particularly the trial court's oral ruling. *State v. Bons*, 2007 WI App 124, ¶ 23, 301 Wis. 2d 227, 731 N.W.2d 367. Counsel for the appellant is sanctioned $150 for providing a false appendix certification and providing a deficient appendix. *Id.*, ¶ 25. Counsel shall pay $150 to the clerk of this court within thirty days of the release of this opinion.

*By the Court.*—Appeal dismissed.