ESTATE OF Jean STYS, by James Kucza,
as personal representative,
James Kucza and Kenneth Kucza,
Plaintiffs-Appellants,

ESTATE OF Adeline C. KUCZA, by James Kucza,
as Personal Representative and
Estate of Raymond S. Kucza,
by James Kucza, as Personal Representative,
Plaintiffs,

UNITED HEALTHCARE OF WISCONSIN, INC.,
Involuntary-Plaintiff,

v.

The AUTO CLUB GROUP INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 2009AP894. Submitted on briefs December 1, 2009.
—Decided December 22, 2009.*

2010 WI App 17

(Also reported in 779 N.W.2d 55.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Kevin R. Martin* of *Cannon & Dunphy, S.C.*, Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Werner Scherr* and *Jean-Marie Feedham* of *Gonzalez Saggio & Harlan LLP*, Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. James Kucza, Kenneth Kucza, and Jean C. Stys appeal an order dismissing their claims against The Auto Club Group Insurance Company, contending that the circuit court erred in concluding on summary judgment that they did not have underinsured-motorist coverage under the policy their deceased father, Raymond S. Kucza, had with Auto Club Group Insurance.[1] We affirm.

---

[1] Jean C. Stys died during the pendency of this appeal, and her estate has been substituted as a party. *See* WIS. STAT. RULE § 803.10. This does not affect our decision, our reference in the opinion to Stys encompasses the interests that have passed to her estate.

---

## I.

¶ 2. Raymond Kucza was severely injured when an automobile driven by Alice M. Crouse hit him as he was walking on a street. He later died. Crouse's insurer tendered its limits of $150,000, and Crouse and her insurer have been dismissed from this action.

¶ 3. This action was brought against Auto Club Group Insurance by Raymond Kucza's adult children, James Kucza, Kenneth Kucza, and Jean C. Stys, as well as by the Estate of Raymond S. Kucza and the Estate of Adeline C. Kucza. Mrs. Kucza was Raymond Kucza's wife and she died after the accident.[2] The operative complaint sought damages under Raymond Kucza's underinsured-motorist coverage provided by Auto Club Group Insurance. It alleged that Raymond Kucza's adult children "suffered the loss of [their] father's society and companionship" and sought recompense for that "and all damages allowed under Wisconsin law."

¶ 4. The circuit court granted summary judgment to Auto Club Group Insurance in a written order that did four things: (1) it dismissed the claims against Auto Club Group Insurance by Stys; (2) it dismissed the claims against Auto Club Group Insurance by James Kucza; (3) it dismissed the claims against Auto Club Group Insurance by Kenneth Kucza; and (4) it withheld a decision on whether to dismiss the claims against Auto Club Group Insurance by Mrs. Kucza's estate. The notice of appeal that brings this matter before us is on

---

[2] Jean C. Stys was originally the personal representative of her parents' estates. James Kucza is now the personal representative for both estates. As with the substitution of Stys's estate for her, the substitution of James Kucza as personal representative of the estates of his parents does not affect our decision.

behalf of "Jean Stys, James Kucza and Kenneth Kucza" and asserts that it appeals the circuit court's order "which granted [Auto Club Group Insurance]'s motion for summary judgment and dismissed the appellants' claims."

██

¶ 5. We recite the operative documents at length because the parties have blurred the distinctions between the individual claims of Raymond Kucza's adult children (Stys, and James and Kenneth Kucza), and the claims of the estates of Raymond and Adeline Kucza. We have an independent duty to determine whether we have jurisdiction over an appeal, *City of Sheboygan v. Flores*, 229 Wis. 2d 242, 246, 598 N.W.2d 307, 309 (Ct. App. 1999), and the only issue properly before us is whether the circuit court correctly granted summary judgment dismissing the adult children's separate underinsured-motorist-coverage claims against Auto Club Group Insurance. Thus, despite the briefs' seeming assumption to the contrary, the interests of the estates of Mr. and Mrs. Kucza are not before us because the estates have not appealed. *See* WIS. STAT. § 808.01(1) (" 'Appeal' means a review in an appellate court by appeal or writ of error authorized by law of a judgment or order of a circuit court."). Further, as to whether the adult children might have derivative claims through their father's estate, there is no written order reifying the circuit court's oral ruling that the adult children could not recover damages specific to them (the claimed loss of their father's "society and companionship") derivatively through that estate, *see State ex rel. Hildebrand v. Kegu*, 59 Wis. 2d 215, 216–217, 207 N.W.2d 658, 659–660 (1973) (Appellate court has no jurisdiction over a determination by the circuit court unless there is a written order from which an appeal may be taken.); *Ramsthal Advertising Agency*

*v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75–76, 279 N.W.2d 491, 492 (Ct. App. 1979) (An oral ruling must be reduced to writing for there to be appellate jurisdiction.), and, moreover, the full scope of the estates' recovery is still pending before the circuit court and thus no final appealable order could be entered in connection with the estates' claims, *see Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶ 16, 299 Wis. 2d 723, 732–733, 728 N.W.2d 670, 676 (" 'A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties.' ") (quoting WIS. STAT. § 808.03(1)).

¶ 6. The circuit court correctly granted summary judgment to Auto Club Group Insurance dismissing the claims of Raymond Kucza's adult children. Accordingly, we affirm.

## II.

¶ 7. A party is entitled to summary judgment if "there is no genuine issue as to any material fact" and that party "is entitled to a judgment as a matter of law." WIS. STAT. RULE 802.08(2). We review *de novo* a circuit court's summary-judgment decision, and apply the governing standards "just as the trial court applied those standards." *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). The facts material to this appeal are not disputed, and the appeal requires an analysis of the Auto Club Group policy. This, too, is subject to our *de novo* review. *See Ruenger v. Soodsma*, 2005 WI App 79, ¶ 8, 281 Wis. 2d 228, 236, 695 N.W.2d 840, 844.

¶ 8. We construe and apply language in insurance policies as that language "would be understood by a reasonable person in the position of the insured." *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶ 23, 268 Wis. 2d 16, 32, 673 N.W.2d 65, 73. There is no coverage under a policy unless the insuring agreement, reasonably understood, provides coverage for the risk. *Id.*, 2004 WI 2, ¶¶ 23–24, 268 Wis. 2d at 32, 673 N.W.2d at 73. Indeed, the appellants apparently concede this when they write in their reply brief on this appeal that they "recognize that the Insuring Agreement creates coverage." We thus turn to the underinsured-motorist-coverage insuring agreement in the Auto Club Group policy.

¶ 9. The policy's underinsured-motorist-coverage part promises to "pay compensatory damages which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**: 1. sustained by an **insured person**; and 2. caused by an accident." (Bolding in original; formatting altered.) No one here disputes that: (1) Raymond Kucza is an "insured person"; (2) he sustained "bodily injury"; "caused by an accident"; (3) Crouse was the "owner or operator of an underinsured motor vehicle" when she ran into Raymond Kucza; and (4) Raymond Kucza's adult children are "legally entitled to recover" from Crouse for the loss of society and companionship they suffered as a result of the accident she caused. Fatal to their claims here, however, is that none of the adult children is an "insured person" under the policy, and thus the underinsured-motorist-coverage provision does not apply to them. Simply put, the Auto Club Group is only obligated to "pay compen-

satory damages which an *insured person* is legally entitled to recover." (Emphasis added.)

¶ 10. The underinsured-motorist-coverage part of the Auto Club Group policy defines, as material here, an "insured person" as "any **resident relative**." (Bolding in original.) Also as material here, the policy defines "resident relative" as "a person who is related to you by blood . . . who lives and is physically present in your household at the time of the accident." Although Raymond Kucza's adult children were, obviously, related to him by blood, no one here disputes that they were not "resident" relatives. Accordingly, they are not "insured persons" entitled to underinsured-motorist coverage under the Auto Club Group policy. *See id.*, 2004 WI 2, ¶ 24, 268 Wis. 2d at 32, 673 N.W.2d at 73 ("If it is clear that the policy was not intended to cover the claim asserted, the analysis ends there.").[3]

¶ 11. *Bruflat v. Prudential Property & Casualty Insurance Company*, 2000 WI App 69, 233 Wis. 2d 523, 608 N.W.2d 371, upon which the appellants rely, is not to the contrary. There, an uninsured motorist caused the death of the son of Martin A. and Mary A. Bruflat. *Id.*, 2000 WI App 69, ¶¶ 1–2, 233 Wis. 2d at 525, 608 N.W.2d at 372–373. The Bruflats were divorced and had joint custody of their son when he died. *Id.*, 2000 WI App 69, ¶¶ 2–3, 233 Wis. 2d at 525, 608 N.W.2d at 373.

---

[3] Indeed, the appellants concede that they "have never contended that the children are 'insureds' under the policy." (Italics omitted.) They *do* argue, however, that the Estate of Raymond S. Kucza is an "insured" under the policy, but, as we have seen, the written order from which this appeal was taken did not address the scope of the estate's recovery; it only dismissed the individual claims asserted against Auto Club Group by Raymond Kucza's adult children, and it is that dismissal that we affirm.

202

The Bruflats lived separately and their son lived with his father. *Id.*, 2000 WI App 69, ¶ 3, 233 Wis. 2d at 525, 608 N.W.2d at 373. Mary Bruflat was appointed the special administrator of her son's estate, and she sought the "proceeds of the uninsured motorist protection contained in the policy" issued by Prudential to Mr. Bruflat as the named insured. *Id.*, 2000 WI App 69, ¶¶ 4–5, 233 Wis. 2d at 525–526, 608 N.W.2d at 373 (parenthetical acronym omitted). The son "was listed as a licensed driver resident" in Mr. Bruflat's household. *Id.*, 2000 WI App 69, ¶ 5, 233 Wis. 2d at 526, 608 N.W.2d at 373. Mary Bruflat "was not covered under the policy." *Id.*, 2000 WI App 69, ¶ 10, 233 Wis. 2d at 527, 608 N.W.2d at 373. In holding that Prudential owed both parents proceeds of the uninsured-motorist coverage, *Bruflat* noted that the policy promised to pay the son's medical payments in dispute between the parents to either the " 'injured person' " (in that case, the son) or the injured person's " 'heirs' " (of which Mary Bruflat was one), concluding that, accordingly, "the policy permits payment to both" of the Bruflats. *Id.*, 2000 WI App 69, ¶ 17, 233 Wis. 2d at 529, 608 N.W.2d at 374. *Bruflat* further held that because the wrongful-death statute, WIS. STAT. § 895.04(1), permits the personal representative of a deceased person to bring an action for wrongful death, and Mary Bruflat was a proper distributee under § 895.04(2) because she was, along with Mr. Bruflat, her son's lineal heir, the wrongful-death statute required that the Bruflats share the proceeds of the uninsured-motorist coverage. *Id.*, 2000 WI App 69, ¶ 18, 233 Wis. 2d at 529–530, 608 N.W.2d at 374–375.[4]

---

[4] WISCONSIN STAT. § 895.04(1) & (2) (2007–08) provided:

(1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

¶ 12. *Bruflat* does not apply here because there, as *Bruflat* notes, the issue was not *coverage* as it is here, but, rather, who was entitled to receive payment of a covered loss. *Id.*, 2000 WI App 69, ¶ 18 n.3, 233 Wis. 2d at 530 n.3, 608 N.W.2d at 375 n.3. Further, the Auto Club Group policy's underinsured-motorist-coverage part does not direct that underinsured-motorist-coverage payment be made to the injured person's heirs. Finally, the wrongful-death statute, WIS. STAT. § 895.04,

(2) If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty and responsibility of a parent to support minor children, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children, the amount involved, the capacity and integrity of the surviving spouse, and any other facts or information it may have or receive, and such amount may be impressed by creation of an appropriate lien in favor of such children or otherwise protected as circumstances may warrant, but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. A surviving nonresident alien spouse and minor children shall be entitled to the benefits of this section. In cases subject to s. 102.29 this subsection shall apply only to the surviving spouse's interest in the amount recovered. If the amount allocated to any child under this subsection is less than $10,000, s. 807.10 may be applied. Every settlement in wrongful death cases in which the deceased leaves minor children under 18 years of age shall be void unless approved by a court of record authorized to act hereunder.

Section 895.04(2) was amended by 2009 Wis. Act 28, § 3269 to add coverage for domestic partners.

does not apply here because Raymond Kucza's adult children, insofar as their individual actions against Auto Club Group are concerned, did not sue Auto Club Group as their father's personal representative and the underinsured-motorist coverage does not "belong[]" to them, which is the alternative required under § 895.04(1), because they are not "insured persons" under the underinsured-motorist-coverage part of the policy.

¶ 13. Appellants contend, however, that they should be able to recover their loss-of-society-and-companionship claims under the underinsured-motorist-coverage part of the Auto Club Group policy because they argue that a limits-of-liability provision in the policy makes the coverage ambiguous, and ambiguous policies must be applied in favor of coverage. *See Folkman v. Quamme*, 2003 WI 116, ¶ 13, 264 Wis. 2d 617, 631, 665 N.W.2d 857, 864. A policy "is ambiguous 'if it is susceptible to more than one reasonable interpretation.' " *Ibid.* (quoted source omitted). The limits-of-liability provision upon which the appellants rely reads:

> The Limits of Liability for Uninsured Motorists Coverage and the Limits of Liability for Underinsured Motorists coverage are shown on the Declaration Certificate.
>
> The Limit of Liability for each person is the maximum Limit of Liability for all damages due to **bodily injury** to any **insured person** in any one accident *including any claim of other persons for damages for care and loss of services and society, wrongful death, and survivor actions and derivative damages* arising out of **bodily injury**. Subject to this limit for each person, the Limit of Liability for each accident is the maximum Limit of Liability for all damages due to **bodily injury** resulting

205

> from any one accident *including any claims of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages* arising out of the **bodily injury**.

(Bolding in original, italics added.) Appellants contend that the italicized language's reference to "other persons" (rather than "insured persons") means that the policy is ambiguous because at the very least it envisions persons other than "insured persons" recovering under the policy's underinsured-motorist coverage. We disagree.

¶ 14. Appellants have pointed us to no law that permits a limits-of-liability provision to trump an insuring agreement, which, as we have seen, is the pivot on which an insurer's liability must turn. *See American Girl*, 2004 WI 2, ¶ 24, 268 Wis. 2d at 32, 673 N.W.2d at 73 (If the insuring agreement makes it "clear that the policy was not intended to cover the claim asserted, the analysis ends there."). We have found, however, an analogous situation where an appellate court would not permit a limits-of-liability provision to "negate the specific provisions defining coverage." *Southeast Atlantic Cargo Operators, Inc. v. First State Ins. Co.*, 398 S.E.2d 264, 266 (Ga. Ct. App. 1990).

¶ 15. The insured in *Southeast Atlantic Cargo Operators* had primary coverage from an insurer that was declared insolvent. *Id.*, 398 S.E.2d at 265. The insured had an excess-insurance policy with First State. *Ibid.* The excess-insurance policy's insuring agreement undertook to indemnify the insured for amounts "in excess of retained limit," which was defined by reference to the underlying insurance coverage. *Ibid.* The excess-insurance limits-of-liability provision on the declarations page of the First State policy asserted that "[t]he limit of [First State]'s liability shall be as stated

206

herein, subject to all the terms of this policy having reference thereto [setting dollar amounts and coverages] in excess of . . . *[t]he amount recoverable under the underlying insurance." Ibid.* (All but the last set of brackets added, ellipses and emphasis by *Southeast Atlantic Cargo Operators.*) Although the "amount recoverable" language arguably would make First State's excess insurance drop down because of the underlying insurer's insolvency (resulting in *no* "amount recoverable"), *Southeast Atlantic Cargo Operators* held that this neither made the policy ambiguous nor First State liable. *Id.*, 398 S.E.2d at 265–266.

¶ 16. Here, the Auto Club Group insuring agreement only promises coverage for what "insured persons" could recover from an underinsured motorist, and, as we have seen, Raymond Kucza's adult children are not "insured persons."

 ██

¶ 17. Finally, the appellants also argue that unless they can recover under the policy's underinsured-motorist coverage, the policy would be "illusory." A policy's coverage is illusory when there are "no circumstances" where an insured can collect. *Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 670, 436 N.W.2d 321, 324 (1989). Here, of course, all "insured persons" are covered by the underinsured-motorist provision. Appellant's contention that the underinsured-motorist coverage in the Auto Club Group's policy is illusory is without merit.

¶ 18. We affirm the circuit court's dismissal of the individual claims asserted by Raymond Kucza's adult children against Auto Club Group Insurance.

*By the Court.*—Order affirmed.