VILLAGE OF MCFARLAND, Plaintiff-Respondent,

v.

Jennifer M. ZETZMAN, Defendant-Appellant.

Court of Appeals

*No. 2011AP1440. Submitted on memoranda October 26, 2011. —Decided March 15, 2012.*

2012 WI App 49

(Also reported in 811 N.W.2d 822.)

700

On behalf of the defendant-appellant, the cause was submitted on the memorandum of *John D. Hyland* of *Hurley, Burish & Stanton, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the response of *Erin A. West* of *Murphy Desmond, S.C.*, Madison.

Before Lundsten, P.J., Higginbotham and Sherman, JJ.

¶ 1. PER CURIAM. This procedural opinion addresses a threshold jurisdictional question. The question is whether a party may appeal a traffic forfeiture disposition based on a docket entry, rather than a written final order, when a municipal court decision has been appealed to a circuit court. The resolution of this question turns on an interpretation of the phrase "prosecuted in circuit court" in WIS. STAT. § 808.03(1)(c) (2009–10).[1]

¶ 2.  In this case, Jennifer Zetzman was convicted in municipal court of operating a motor vehicle while intoxicated and with a prohibited blood alcohol concentration. Zetzman sought de novo review in the circuit

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

court. The circuit court affirmed Zetzman's convictions. The court's decision was not reduced to a signed written judgment or order, but was instead rendered orally and then recorded in the circuit court docket entries. Zetzman appealed based on the circuit court docket entries.

¶ 3.    We conclude that a traffic forfeiture case qualifies as having been "prosecuted in circuit court," within the meaning of Wis. Stat. § 808.03(1)(c), when the case has been appealed to the circuit court following an earlier municipal court decision. It follows that a docket entry of the case's disposition constitutes a final appealable judgment under § 808.03(1)(c).

¶ 4.    An appellant who seeks to invoke this court's appellate jurisdiction as of right under Wis. Stat. § 808.03(1) is limited to seeking review of a final judgment or order. A judgment or order is final when it disposes of the entire matter in litigation as to one or more of the parties, and is:

> (a) Entered in accordance with s. 806.06(1)(b) or 807.11(2) [defining the entry of a judgment or order as "when it is filed in the office of the clerk of court"].

> (b) Recorded in docket entries in ch. 799 cases [i.e., small claims actions].

> (c) Recorded in docket entries in traffic regulation cases prosecuted in circuit court if a person convicted of a violation may be ordered to pay a forfeiture.

> (d) Recorded in docket entries in municipal ordinance violation cases prosecuted in circuit court.

Wis. Stat. § 808.03(1).

¶ 5.    The requirement in the first subsection that a judgment or order be "filed" in the circuit court before it may be appealed as a matter of right implies that the judgment or order must have been reduced to writing

702

before it is considered final, and that is the general rule that applies to most cases. WIS. STAT. § 808.03(1)(a); *see also Ramsthal Adver. Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979). The remaining subsections provide exceptions to the general rule, treating recorded docket entries as final without written decisions in three categories of cases: small claims actions, forfeiture traffic cases "prosecuted in circuit court," and municipal ordinance violation cases "prosecuted in circuit court." WIS. STAT. § 808.03(1)(b)-(d). In this forfeiture traffic case, we interpret the meaning of the phrase "prosecuted in circuit court."

¶ 6.   Statutes are to be interpreted to give effect to their language. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Thus, except where specially-defined words or technical phases are used, "[s]tatutory language is given its common, ordinary, and accepted meaning." *Id.*, ¶ 45. However, extrinsic sources, such as legislative history, may be consulted if the text of the statute is ambiguous—that is, reasonably susceptible to being understood in two or more fashions—taking into account its context, scope and purpose. *Id.*, ¶¶ 46–48.

¶ 7.   We are persuaded that the phrase "prosecuted in circuit court" is ambiguous as used in WIS. STAT. § 808.03(1)(c) and (d) because it could reasonably be understood in three different ways within the context of the statutory scheme. First, the phrase could refer only to a traffic or municipal ordinance case that is *initially prosecuted* in circuit court, as opposed to having been prosecuted first in municipal court. *Cf.* WIS. STAT. §§ 23.50 and 345.20(2) (setting forth various procedures to be used in either municipal or circuit court for

traffic forfeiture and municipal ordinance cases). Second, the phrase could additionally refer to a case that has been *prosecuted by trial de novo* in the circuit court, as opposed to having been reviewed solely upon the municipal court record. *Cf.* WIS. STAT. § 800.14(4) and (5) (setting forth multiple options for circuit court review of cases initially prosecuted in municipal court). And third, the phrase could be intended merely to emphasize that all traffic forfeiture and ordinance cases initially prosecuted in the municipal court must be appealed and *further prosecuted* in the circuit court either by trial de novo or on the municipal record before review can be sought in the court of appeals. *See* WIS. STAT. RULE 809.40(2).

¶ 8.  It has been the longstanding practice of this court to follow the first interpretation described above —that is, we have allowed appeals from docket entries for traffic and ordinance cases that were first prosecuted in the circuit court, but required written orders for cases that were initiated in the municipal court and then appealed to the circuit court. The appellant challenges that practice and urges us to follow the second interpretation, arguing that litigating a matter by a de novo trial constitutes "prosecution" of the case within the ordinary meaning of the term. While we recognize a certain semantic logic in distinguishing between cases that have been tried de novo and those that have been reviewed solely based upon a municipal record, we conclude for reasons we will discuss below that the third interpretation encompassing circuit court review of municipal records as well as de novo trials and initial circuit court prosecutions best captures the legislative intent.

¶ 9.  A committee note to the statute assists us in determining legislative intent. The note indicates that

the exceptions to the general requirement of a written decision for traffic forfeiture and municipal ordinance cases were added in a response to the high volume of cases being appealed from docket entries shortly after the formation of the court of appeals, and the widespread practice of counties to not enter a separate judgment in those types of cases.[2] *See* Judicial Council Committee note, 1979, WIS. STAT. § 808.03; *see also* 1979 Wis. Laws, ch. 187, § 1. This court continues to see a significant number of appeals from docket entries in traffic forfeiture and municipal ordinance cases, including those that were prosecuted initially in municipal court such as this case. That suggests that docket entries are still widely used in lieu of written orders in such cases without distinction as to whether the cases originated in municipal or circuit court. Thus, to the extent that the intent behind the statute is to accommodate the actual practice of the circuit courts, the broadest interpretation of the phrase "prosecuted in circuit court" best effectuates that purpose.

¶ 10. In addition, it can be no coincidence that all three of the exempted categories under WIS. STAT. § 808.03(1)—namely, small claims, traffic forfeitures, and municipal ordinance cases—are also among the limited categories of cases that can be decided by a single judge on appeal. *See* WIS. STAT. § 752.31(2) and (3). Cases that are decided by only one judge are generally more quickly resolved than standard appeals since there does not need to be any conference or coordination among a panel of judges. Allowing appeals from docket entries in such one-judge cases is consis-

---

[2] The exception for small claims actions was added in 1986. *See* Wisconsin Judicial Council Note, 1986, WIS. STAT. § 808.03 and 130 Wis. 2d xxi (1986).

tent with the other streamlined procedures for those cases, and we can discern no principled reason why the appeals in traffic forfeiture and municipal ordinance cases should be treated differently depending upon whether they originated in municipal or circuit court.

■

¶ 11.   Accordingly, we now hold that a traffic forfeiture or municipal ordinance case has been "prosecuted in the circuit court" either if it originated there, or if it was appealed there following municipal court proceedings. Therefore, docket entries resolving traffic forfeiture and municipal ordinance cases serve as final, appealable dispositions within the meaning of Wis. Stat. § 808.03(1). This also means that docket entries will trigger the time to appeal in these cases, without regard to whether any written order is also entered. *See City of Sheboygan v. Flores*, 229 Wis. 2d 242, 248, 598 N.W.2d 307 (Ct. App. 1999). Because the appellant in this case is seeking review of a circuit court decision in a traffic forfeiture appeal from municipal court proceedings, no written order was required for this court to obtain jurisdiction.

*By the Court.*—Jurisdiction confirmed.