

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT III

April 30, 2025

*To*:

Hon. Kelly J. McKnight
Circuit Court Judge
Electronic Notice

Deidre Zifko
Clerk of Circuit Court
Bayfield County Courthouse
Electronic Notice

Heidi E. Brewer
Electronic Notice

Lisa E.F. Kumfer
Electronic Notice

You are hereby notified that the Court has entered the following opinion and order:

2024AP1304-CRLV      State of Wisconsin v. Ryan Thomas Defoe (L. C. No. 2024CF16)

Before Stark, P.J., Hruz, and Gill, JJ.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Ryan Thomas Defoe seeks leave to appeal a nonfinal order denying his motion to dismiss this case. Defoe sought dismissal on the ground that certain of the charges were multiplicitous, in violation of his double jeopardy rights under the United States and Wisconsin Constitutions. In light of our supreme court's decision in *State v. Jenich*, 94 Wis. 2d 74, 288 N.W.2d 114 (1980) (on motion for reconsideration), where the court urged the court of appeals to carefully exercise its discretion in considering whether to hear permissive appeals denying motions to dismiss based on double jeopardy claims, we ordered briefing on the merits of the double jeopardy issue. Based upon our review of the briefs and record, we conclude at conference that the petition fails to satisfy the criteria for permissive appeal. *See* WIS. STAT. § 808.03(2)

(2023-24);[1] ***State v. Webb***, 160 Wis. 2d 622, 632, 467 N.W.2d 108 (1991). We therefore deny leave to appeal.

In the criminal complaint, the State alleged that Defoe was involved in a domestic altercation with the victim when "he grabbed a telescope and swung the telescope like a baseball bat" at the victim's face, causing her injury. The State charged Defoe with the following four counts: (1) aggravated battery with intent to cause bodily harm; (2) first-degree recklessly endangering safety; (3) mayhem; and (4) disorderly conduct.[2] All of the offenses were charged as acts of domestic abuse.

Defoe sought dismissal of the complaint on the grounds that the aggravated battery with intent to cause bodily harm charge and the mayhem charge are multiplicitous and that the first-degree recklessly endangering safety charge and the disorderly conduct charge are multiplicitous. He argued that the multiplicitous charges violated his double jeopardy rights.

The circuit court held a nonevidentiary hearing on the motion. After hearing arguments from the parties, the court found that the charged counts were not multiplicitous and did not violate Defoe's double jeopardy rights. Thereafter, the court entered a written order denying the motion. Defoe petitioned this court for leave to appeal that nonfinal order.

"[A] party is generally entitled to only one appeal as of right." ***Culbert v. Young***, 140 Wis. 2d 821, 826, 412 N.W.2d 551 (Ct. App. 1987). "Piecemeal or interlocutory appeals are

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The State subsequently filed an amended complaint, which added counts of battery and disorderly conduct, both as acts of domestic abuse. Defoe concedes on appeal that his motion to dismiss did not address these counts.

strongly disfavored" because they "frequently result in useless and time-consuming multiple appeals which ordinarily can and should be considered in a single appeal." *Id.* Moreover, "[i]nterlocutory appeals are particularly disfavored in criminal cases." *State v. Borowski*, 164 Wis. 2d 730, 735, 476 N.W.2d 316 (Ct. App. 1991).

With these principles in mind, this court may grant a petition for leave to appeal if the petitioner shows that doing so will: "(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation; (b) Protect the petitioner from substantial or irreparable injury; or (c) Clarify an issue of general importance in the administration of justice." WIS. STAT. § 808.03(2). In addition, the petitioner must show "a substantial likelihood of success on the merits." *See Webb*, 160 Wis. 2d at 632.

"The United States Supreme Court has stated that the Double Jeopardy Clause provides three separate protections." *State v. Davison*, 2003 WI 89, ¶19, 263 Wis. 2d 145, 666 N.W.2d 1. As relevant here, "it protects against multiple punishments for the same offense"—known as multiplicity. *Id.*, ¶¶19, 37 (emphasis and citation omitted). Importantly, our supreme court has explained that "in discussing multiplicity, a reference to 'charges' must be employed carefully, because it is permissible to charge more than one count, even if the state may not punish a defendant on more than one count." *Id.*, ¶38 (citing *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)). "The *Johnson* case distinguishes *prosecution* on overlapping charges for the same offense from *punishment* on those charges for the same offense and explains that prosecution does not equal punishment." *Davison*, 263 Wis. 2d 145, ¶27; *see also Johnson*, 467 U.S. at 500 ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.").

3

In this case, Defoe has merely been *charged* with multiple counts. He has not been convicted and subjected to punishment on more than one count. We will not presume that he will be convicted, or if convicted, that the circuit court will sentence him in a manner that violates the Double Jeopardy Clause. Accordingly, Defoe's multiplicity challenge is not ripe for adjudication because no multiplicity issue can arise unless and until he is convicted. This circumstance is not the type of double jeopardy challenge considered in *Jenich*, which involved a successive prosecution. Accordingly, we are not persuaded that interlocutory review is warranted in this case.

Therefore,

IT IS ORDERED that Defoe's petition for leave to appeal is denied.

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*